UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

AIR ADVANTAGE LLC, a Michigan Limited
Liability Company, ZIMCO, INC, a Michigan
Corporation, SCOTT ZIMMER, an Individual AND
DAWN ZIMMER, an Individual,

            Plaintiff,

vs.

UNITED STATES DEPARTMENT OF JUSTICE,

            Defendant.

Case No.: 2:10-cv-13182

Hon.

---

Jonathan M. Martone (P73035)
Martin E. Crandall (P26824)
**CLARK HILL PLC**
Attorneys for Plaintiffs
151 S. Old Woodward, Ste 200
Birmingham, Michigan 48009
(248) 642-9692 Telephone
(248) 988-2519 Facsimile
jmartone@clarkhill.com

**THERE IS NO OTHER PENDING OR RESOLVED CIVIL ACTION ARISING OUT OF THE SAME TRANSACTION OR OCCURRENCE AS ALLEGED IN THE COMPLAINT.**

## COMPLAINT

Plaintiffs Air Advantage, LLC, Zimco, Inc, Scott Zimmer and Dawn Zimmer ("Plaintiffs"), by their attorneys, Clark Hill PLC, state for their Complaint against Defendant United States Department of Justice ("Department of Justice" or "DOJ" or "Agency" or "Defendant") as follows:

### INTRODUCTION

1. The Department of Justice violated the Freedom of Information Act ("FOIA"), 5 U.S.C. §552, *et seq.*, by withholding agency records requested by the Plaintiffs that pertain to a prior investigation of Plaintiffs, conducted by the Antitrust Division of the Department of Justice.

2. This lawsuit seeks an Order(s) pursuant to FOIA that: (1) finds that Defendant has violated FOIA; (2) orders Defendant to produce all unlawfully withheld records by a date certain; (3) enjoins Defendant from withholding the requested agency records; and (4) awards Plaintiffs reasonable attorney fees and other litigation costs as provided by FOIA.  5 U.S.C. §552 (a)(4)(B).

3. This lawsuit is necessary because Defendant repeatedly and wantonly refused and/or failed to comply with its clear directive under FOIA by failing to make a determination with respect to Plaintiffs' record request within twenty (20) days and by failing to make a determination with respect to Plaintiff's appeal of Defendant's withholding of requested records within twenty (20) days.  5 U.S.C. §552(a)(6)(A)(i) and §552(a)(6)(A)(ii).

4. Although agencies may notify requesters of a ten (10) day extension based on unusual circumstances and agencies may seek to limit the request under 5 U.S.C. §552(a)(6)(B), no notification of an extension or an assertion of unusual circumstances has been made by Defendant relating to its response to Plaintiffs' FOIA request and/or its response to Plaintiffs' appeal of the Department of Justice's withholding of records.

5. Defendant likewise violated its duties under FOIA through its failure to produce requested records undoubtedly outside the purview of any applicable "production exemption" as well as through its failure to comply with disclosure requirements relating to agency records withheld under various FOIA "production exemptions."  5 U.S.C. §552(b).

6. By failing to fully, timely, and lawfully respond to Plaintiffs' FOIA request and subsequent appeal, Plaintiffs' rights under FOIA as well as its ability to conduct its business have been critically impaired.

## PARTIES, JURISDICTION, AND VENUE

7. Plaintiff Air Advantage, LLC, is a for profit limited liability company duly registered and organized in the State of Michigan.

8. Plaintiff Zimco, Inc, is a for profit corporation duly incorporated in the State of Michigan.

9. Plaintiff Scott Zimmer and Plaintiff Dawn Zimmer are the primary operators of Air Advantage, LLC and Zimco, Inc, and are residents of the State of Michigan.

10. Defendant Department of Justice is a department of the Executive Branch of the United States Government. Defendant DOJ's principal place of business is located at 950 Pennsylvania Avenue, N.W., Washington, D.C. 20530.

11. Defendant DOJ has possession, custody and control of the records sought by Plaintiffs pursuant to FOIA and is responsible for responding to FOIA requests submitted to it, and so is sued as a defendant in this action.

12. This Court has jurisdiction over this action pursuant to 5 U.S.C. §552(a)(4)(B)(FOIA), and 28 U.S.C. § 1331 (federal question).

13. Venue in this Court is proper under 5 U.S.C. §552(a)(4)(B) as Plaintiffs reside and/or have a principal place of business in Michigan and all documents requested by Plaintiffs concern issues related to an/or activities having occurred within Michigan.

14. The DOJ has failed to make a lawful determination on Plaintiffs' May 28, 2010 FOIA Appeal within twenty (20) days.

15. The failure to make a lawful determination on Plaintiffs' May 28, 2010 FOIA appeal within twenty (20) working days is construed as a denial and waives exhaustion of administrative remedies that ordinarily apply in FOIA cases. 5 U.S.C. §552(a)(6)(C)(i).

16.     The FOIA claims made in this Complaint are ripe for judicial review and Plaintiffs' harms can be remedied by an order of this Court.

## GENERAL ALLEGATIONS

17.     Beginning in early 2009, the Antitrust Division of Defendant Department of Justice, in connection with an extensive, near five year-long investigation of Plaintiffs' business practices by the Universal Service Administrative Company[1], conducted a formal investigation of Plaintiffs.  The investigation concluded in September, 2009, with the DOJ's notifying Plaintiffs that its inquiry was officially closed, as no violations of law had been found.

18.     During this lengthy investigation process, Defendant DOJ contacted and interviewed many of Plaintiffs' clients, resulting in a severe negative impact on Plaintiffs' business and their reputations.

19.     On December 29, 2009, Plaintiffs filed a FOIA request with Defendant Department of Justice, Antitrust Division.  **See Exhibit A**.

20.     Specifically, in their FOIA request, Plaintiffs sought access to and copies of records relating to:

> 1.     Any/all memoranda of interviews of witnesses and/or complainants in regards/pertaining to the above referenced matter[2];
>
> 2.     Any/all information relating to the sources of information received by the Department of Justice in regards/pertaining to the above referenced matter[3];
>
> 3.     Any/all internal memoranda of Department of Justice attorneys in regards/pertaining to the above referenced matter[4];

---

[1] The Universal Service Administrative Company is the Federal Communications Commission (FCC) designated administrator of the federal Universal Service Fund.
[2] DOJ Antitrust Division's investigation of Air Advantage, LLC, Zimco, Inc, and Scott and Dawn Zimmer.
[3] DOJ Antitrust Division's investigation of Air Advantage, LLC, Zimco, Inc, and Scott and Dawn Zimmer.
[4] DOJ Antitrust Division's investigation of Air Advantage, LLC, Zimco, Inc, and Scott and Dawn Zimmer.

        4.    Any/all memoranda indicating that the Department of Justice's case/investigation is closed with regards to the above referenced matter[5].

21. In a January 15, 2010 letter addressed to Plaintiffs' counsel, Martin E. Crandall, Department of Justice Antitrust Division FOIA Chief, Sue Ann Slates, acknowledged that Defendant had received the FOIA request on January 5, 2010 and requested that a Certification of Identify Forms be executed by Plaintiffs Dawn and Scott Zimmer. The same was executed and sent to Defendant DOJ via Certified Mail on January 26, 2010, receipt of which by the Defendant Department of Justice was likewise acknowledged.

22. The mandatory release deadline for the December 29, 2009 request was February 2, 2010, twenty (20) working days after the DOJ's receipt of the request.

23. Despite being in possession of all of the requisite authorizations and information, Defendant DOJ, failed to make a determination regarding and/or comply with the FOIA request within twenty (20) days, as required by FOIA. 5 U.S.C. §552(a)(6)(A)(i).

24. At no time did Defendant DOJ request an extension as provided for under 5 U.S.C. §552(a)(6)(B)(i) and (ii). Notwithstanding the fact that no extension request was ever made, any such request would have necessarily been improper as there has been absolutely no indication to support a claim that "unusual and/or exceptional circumstances" exist warranting an extension.

25. Despite repeated inquiries by Plaintiffs' Counsel, Defendant DOJ refused and/or failed to comply with its duty to make a determination and/or comply with the FOIA request for nearly four (4) months. **See Exhibit B**.

26. On April 14, 2010, over 100 days past its twenty (20) day deadline, Defendant DOJ issued a response stating, in its pertinent part:

---

[5] DOJ Antitrust Division's investigation of Air Advantage, LLC, Zimco, Inc, and Scott and Dawn Zimmer.

6674603.1 32920/130065

> We have processed information that we located in response to your request. Department regulations (28 C.F.R. §16.11) and the FOIA provide for recovery of costs for providing material to requesters under the Act. The assessable fees in this instance total $272. Please remit that amount to me at the following addresses by check or money order made payable to the Treasury of the United States.

**See Exhibit C.**

27. Plaintiffs immediately remitted payment only to wait another two weeks before they would receive Defendant's response.

28. On May 28, 2010 Plaintiffs received Defendant DOJ's official response to Plaintiffs' December 29, 2009 FOIA Request. **See Exhibit D**.

29. Defendant DOJ's exiguous response, three documents totaling a mere four pages, one page of which amounts to little more than a thank you note from a DOJ paralegal, violates several portions of FOIA, including, but not limited to, the duty to produce records responsive to the request and not within an applicable exemption, the duty to make a determination and/or respond to the FOIA request in a timely fashion, and the duty to identify withheld documents, the enumerated exemption under which the document allegedly falls and facts supporting the same.

30. Upon information and belief, Defendant DOJ improperly withheld records responsive to the FOIA request under the guise of inapplicable FOIA production exemptions.

31. Furthermore, with regard to the documents withheld, Defendant DOJ's April 28, 2010 response fails to adequately identify each document and/or demonstrate how each withheld document falls within the class wholly or partially exempt from FOIA's inspection and production requirements.

32. Rather, Defendant DOJ's response consists of mere quoting of statutory language of a FOIA exemption and/or barren assertions that an exempting provision of FOIA has been met.

33. As a result of Defendant DOJ's deficient response, Plaintiffs filed a timely appeal with the Department of Justice-Office of Information Policy on May 28, 2010. **See Exhibit E**.

34. Defendant DOJ acknowledged receipt of the appeal on June 1, 2010. **See Exhibit F**.

35. The mandatory determination deadline for the appeal was June 29, 2010, twenty (20) working days after the DOJ's receipt of the appeal.

36. Unwavering from its previous disregard of FOIA's prescribed timelines, Defendant DOJ again failed to comply with FOIA's twenty (20) day timeframe in which it is required to make a determination with respect to an appeal. 5 U.S.C. §552(a)(6)(A)(ii).

37. Counsel for Plaintiffs has discussed the matter with Matthew Hurd, the Department of Justice attorney assigned to review and make a determination regarding the appeal.

38. Pursuant to Mr. Hurd, as of July 23, 2010, he had not yet even obtained the withheld records from Defendant's Antitrust Division and as such, had not yet began the process necessary in order to make a determination regarding the appeal.

39. At no time did Defendant provide notice of an extension of time and/or the unusual circumstances warranting the same.

40. Likewise, at no time has Defendant identified substantive or procedural deficiencies in either Plaintiffs' FOIA request and/or its subsequent appeal.

**COUNT I- VIOLATION OF THE FREEDOM OF INFORMATION ACT: FAILURE TO MAKE A TIMELY DETERMINATION ON PLAINTIFFS' DECEMBER 29, 2009 FOIA REQUEST WITHIN THE STATUTORILY PRESCRIBED 20 WORKING DAYS**

41. Plaintiffs repeat and incorporate by reference the allegations in the above paragraphs and all paragraphs of this Complaint.

42. On December 29, 2009, Plaintiffs filed a lawful and complete FOIA request.

6674603.1 32920/130065

43. Defendant has violated FOIA, 5 U.S.C. §552(a)(6)(A)(i), by failing to timely and lawfully respond to plaintiffs' December 29, 2009 request for DOJ records.

### COUNT II- VIOLATION OF THE FREEDOM OF INFORMATION ACT: DEFENDANT HAS ILLEGALLY WITHHELD DOCUMENTS IN VIOLATION OF FOIA

44. Plaintiffs repeat and incorporate by reference the allegations in the above paragraphs and all paragraphs of the Complaint.

45. Defendant continues to violate FOIA, 5 U.S.C. §552(a) by improperly withholding agency records which are not subject to any FOIA withholding provision.  5 U.S.C. §552(b).

46. Defendant also violated FOIA, 5 U.S.C. §552(b) by failing to properly identify the documents or portions thereof being withheld, the withholding provisions allegedly applying and the facts supporting that such a document or portion thereof falls within the claimed withholding provision.

### COUNT III- VIOLATION OF THE FREEDOM OF INFORMATION ACT: FAILURE TO MAKE A TIMELY DETERMINATION ON PLAINTIFFS' MAY 28, 2010 FOIA APPEAL WITHIN THE STATUTORILY PRESCRIBED 20 WORKING DAYS

47. Plaintiffs repeat and incorporate by reference the allegations in the above paragraphs and all paragraphs of the complaint.

48. On May 28, 2010, Plaintiffs filed a lawful and complete FOIA appeal of Defendants' April 28, 2010 response.

49. Defendant has violated FOIA, 5 U.S.C. §552(a)(6)(A)(ii), by failing to timely and lawfully respond/make a determination regarding Plaintiff's May 28, 2010 appeal.

50. Defendant continues to violate FOIA, 5 U.S.C. §(a)(6)(A)(ii), by failing to timely respond/make a determination regarding Plaintiffs' May 28, 2010 appeal.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request this Court enter a judgment against Defendant Department of Justice providing the following relief:

1. Enter judicial findings that Defendant violated FOIA by failing to lawfully respond to Plaintiffs' December 29, 2009 FOIA Request in accordance with the statutory deadline;

2. Declare that Defendant continues to violate FOIA by illegally withholding documents that are not subject to a lawful FOIA Exemption set forth at 5 U.S.C. §552(b);

3. Declare that Defendant violated FOIA by failing to properly identify records withheld, the Exemption the records were withheld under and the facts/circumstances supporting the same;

4. Declare that Defendant violated FOIA by failing to lawfully respond to Plaintiff's May 28, 2010 FOIA Appeal in accordance with the statutory deadline;

5. Declare that Defendant continues to violate FOIA by failing to lawfully respond to Plaintiffs' FOIA Appeal dated May 28, 2010;

6. Direct by Order that Defendant immediately provide Plaintiffs all records responsive to the December 29, 2009 FOIA Request having been improperly withheld by Defendant to date;

7. Direct by Order that Defendant immediately provide Plaintiffs a lawful determination on the May 28, 2010 FOIA Appeal;

8. Direct by Order that Defendant produce a detailed Vaughn index should Defendant choose to continue to assert a FOIA Exemption to withhold any responsive agency records;

9. Direct by Order that the Court retains jurisdiction until sixty (60) days after the record have been released and the Vaughn index produced;

10. Grant the Plaintiffs their costs of litigation, including reasonable attorney fees as provided by FOIA, 5 U.S.C. §552(a)(4)(E); and

11. Provide such other relief as the Court deems just and proper.

Respectfully submitted,

CLARK HILL PLC

By: /s/Jonathan M. Martone
Jonathan M. Martone (P73035)
Martin E. Crandall (P26824)
**CLARK HILL PLC**
Attorneys for Plaintiffs
151 S. Old Woodward, Ste 200
Birmingham, Michigan 48009
(248) 642-9692
(248) 988-2519 Facsimile
jmartone@clarkhill.com

Dated: August 11, 2010

# CERTIFICATE OF SERVICE

I state that on August 11, 2010, my assistant, Christina A. Brown, presented the foregoing paper to the Clerk of the Court for filing and uploading to the ECF system which will send notification to all attorneys of records.

    Respectfully submitted,

    CLARK HILL PLC

By: /s/Jonathan M. Martone
Jonathan M. Martone (P73035)
Martin E. Crandall (P26824)
**CLARK HILL PLC**
Attorneys for Plaintiffs
151 S. Old Woodward, Ste 200
Birmingham, Michigan 48009
(248) 642-9692
(248) 988-2519 Facsimile
jmartone@clarkhill.com